# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARCELLA LUCERO,

    Plaintiff,

v.                                                      No. 1:19-cv-620-WJ-KK

CORECIVIC, INC. and
CORECIVIC OF TENNESSEE, LLC,

    Defendants.

## **MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss [Doc. 8], filed July 15, 2019. Defendants seek to end this case at its beginning, requesting the Court dismiss Plaintiff's complaint for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6).

Plaintiff is a former Northwest New Mexico Correctional Center employee. She alleges that on May 13, 2016, the center's control room failed to open a door for her and respond to her attempts to communicate with them. To get their attention, she started walking toward the control room. In the hallway, she noticed an unsupervised inmate going through a door that was not supposed to be open. As she approached, the inmate turned around and knocked her to the floor injuring her. She alleges Defendants' negligence in failing to exercise reasonable care and diligence in the control room, supervise the inmate, secure the hallway, and provide adequate training and staff to supervise and manage the inmate population caused her injuries. Doc. 1-1.

On May 3, 2019, Plaintiff filed her complaint against Defendants in the Thirteenth Judicial District Court of Cibola County, New Mexico. Doc. 1-1. Two months later, Defendants removed the case on diversity grounds to this Court. Doc. 1. Defendants then filed the subject motion

requesting the Court dismiss Plaintiff's complaint for failure to state a claim. Doc. 8.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Defendants first argue that Plaintiff failed to state a claim for negligence. Doc. 8 at 4-8. Under New Mexico law, a "negligence claim requires that the plaintiff establish four elements: (1) defendant's duty to the plaintiff, (2) breach of that duty, typically based on a reasonable standard of care, (3) injury to the plaintiff, and (4) the breach of duty as cause of the injury." *Zamora v. St. Vincent Hosp.*, 335 P.3d 1243, 1249 (N.M. 2014).

Defendants' argument focuses on foreseeability. They argue that their negligence did not cause Plaintiff's injuries; that, at most, their negligence put Plaintiff and the inmate in the same hallway at the same time. Questions of foreseeability, however, are normally reserved for the jury. *Rodriguez, et. al. v. Del Sol Shopping Ctr. Assocs., L.P.*, 326 P.3d 465, 468 (N.M. 2014) ("Foreseeability and breach are questions that a jury considers."). A court may "decide whether a defendant did or did not breach the duty of ordinary care as a matter of law, or that the breach of duty did not legally cause the damages alleged in the case"; however, when doing so, the court "must determine that no reasonable jury would find that the defendant breached the duty of ordinary care or that the breach legally caused the plaintiff's damages." *Id.* at 474. Defendants have not made a sufficient showing for the Court to make such a determination.

2

Defendants next argue that Plaintiff failed to state claims for failure to supervise, failure to provide adequate staff, and failure to properly train. Doc. 8 at 8-9. They argue that Plaintiff must allege more than a single incident in support of her claims, and they cite *Linkewitz v. Robert Heath Trucking, Inc.,* No. CV 13-0420 WPL/RHS, 2013 WL 12138884 (D.N.M. Aug. 13, 2013), as their authority. Defendants misread that case. The claims were dismissed not because the plaintiff did not allege more than a single incident, but because the facts alleged made "it no more than possible, rather than plausible" that the defendant's negligence could be attributed to improper training or supervision. *Linkewitz*, 2013 WL 12138884, at *6. That same analysis controls here.

The facts Plaintiff alleged in her complaint are described above in the introduction. The Court finds that the alleged facts allow the Court to draw a reasonable inference that Defendants failed to properly supervise an inmate, provide adequate staff to supervise and manage the inmate population, and properly train employees and staff to support and manage the inmate population. Doc. 1-1 at 4. Plaintiff's claims, therefore, are plausible.

Defendants' final argument is that Plaintiff fails to state a claim for punitive damages. Doc. 8 at 10-12. They argue that Plaintiff has not alleged facts that demonstrate a sufficiently culpable state of mind to support an award of punitive damages. The Court, however, finds that Plaintiff has alleged facts that allow the Court to draw a reasonable inference that Defendants had a sufficiently culpable state of mind to warrant punitive damages. *See* NMRA, Civ. UJI 13-1827 (Punitive Damages Jury Instruction). Plaintiff's claim for punitive damages, therefore, is plausible.

Defendants have not shown that Plaintiff failed to state a claim. **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc. 8] is **DENIED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**