## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARCELLA LUCERO,

      Plaintiff,

v.   Civ. No. 19-620 WJ/KK

CORECIVIC INC. *et al.*,

      Defendants.

## ORDER DENYING MOTION TO COMPEL

THIS MATTER comes before the Court on Defendants' Motion to Compel (Doc. 60), filed May 22, 2020. The Court, having reviewed the motion, the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, FINDS that the motion is not well taken and should be DENIED.

In their motion, Defendants seek an order compelling Plaintiff to respond to CoreCivic Inc.'s Request for Production No. 3 ("RFP No. 3"), which was served on Plaintiff on October 4, 2019. (Doc. 60 at 2.) In RFP No. 3, CoreCivic Inc. requested that Plaintiff produce "a signed and notarized authorization for the release of [her] social media accounts," to include Plaintiff's username and password for each such account. (Doc. 60-1 at 3.) The request also instructed Plaintiff to

> download and print the Facebook data by logging on to the Facebook account, selecting the "Account Settings" under the "Account" tab on the homepage, clicking the "learn more" link beside the "Download your Information" tab, and then following the directions on the "Download your Information" page.

Finally, the request instructed Plaintiff "not to change, make additions or deletions" to her social media accounts. (*Id.*)

On November 20, 2019, having failed to receive timely responses to CoreCivic Inc.'s requests for production, including RFP No. 3, defense counsel wrote to Plaintiff's counsel asking Plaintiff to respond to the requests without objection by December 6, 2019.  (*See id.* at 12-13.)  On December 9, 2019, Plaintiff's counsel wrote back explaining that, in responding to Defendants' written discovery requests—which included two sets of requests for production, one from each Defendant—Plaintiff had "missed" CoreCivic Inc.'s requests for production.  (*Id.* at 15.)  Plaintiff's counsel asked for an extension of time until December 13, 2019 to supplement Plaintiff's discovery responses with respect to these requests.  (*Id.*)  Defendants "did not respond."  (Doc. 60 at 3.)  On December 13, 2019, Plaintiff objected to RFP No. 3 in lieu of responding to it, asserting that it is vague, ambiguous, violates her privacy, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.  (*Id.*; Doc. 60-1 at 3.)

The parties then engaged in a protracted correspondence regarding RFP No. 3, which did not conclude until May 12, 2020 and which ultimately failed to resolve the parties' dispute.  (*See* Doc. 60-1 at 12-40.)  In general, Defendants fail to explain why negotiations regarding RFP No. 3 proceeded so slowly.  More particularly, Defendants fail to explain why, having received objections in lieu of a response to RFP No. 3 in mid-December, their counsel did not even write to Plaintiff's counsel to ask Plaintiff to respond to the request until the following February and did not file the present motion until May.  (*Id.* at 18-20.)

    Local Civil Rule 26.6 provides that

    [a] party served with objections to . . . [a] request for production or inspection . . . must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection . . . .  Failure to proceed within this time period constitutes acceptance of the objection.  For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period.

2

D.N.M.LR-Civ. 26.6.  Local Civil Rule 37.1, in turn, sets forth the requirements for filing a motion to compel under Federal Rule of Civil Procedure 37(a) in this District.[1]  *See* D.N.M.LR-Civ. 37.1.  Notably, the record includes no indication that Defendants ever sought or obtained an extension of the 21-day deadline set forth in Local Civil Rule 26.6 or that the Court extended the deadline *sua sponte*.

      Defendants' motion clearly establishes that they have failed to comply with the 21-day deadline Local Civil Rule 26.6 imposes.  By Defendants' own admission, Plaintiff served her objections to RFP No. 3 on December 13, 2019 in accordance with Plaintiff's counsel's requested extension, yet defense counsel not only failed to communicate an absence of consent to the requested extension but also waited until almost two months later to even ask that Plaintiff respond.  Then, Defendants did not file the present motion under Rule 37(a) until over five months later, on May 22, 2020.  Nor have Defendants sought an extension of Local Civil Rule 26.6's deadline or provided the Court with any explanation, much less an explanation showing good cause, for their substantial delay in pursuing the information they now seek to compel.  Under these circumstances, Defendants' failure to proceed under Local Civil Rule 37.1 in a timely manner "constitutes acceptance of [Plaintiff's] objection[s]," and the Court will deny Defendants' motion pursuant to Local Civil Rule 26.6.  D.N.M.LR-Civ. 26.6; *see Envt'l Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, No. CV 16-1056 WJ/JHR, 2018 WL 3216834, at *1 (D.N.M. June 28, 2018) (denying motion to compel based on, *inter alia*, failure to comply with Local Civil Rule 26.6) (citing cases).

---

[1] Defendants bring their motion under Rule 37(a), which provides in pertinent part that "[a] party seeking discovery may move for an order compelling" the production of documents if "a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv); (*see* Doc. 60 at 5.)

IT IS THEREFORE ORDERED that Defendants' Motion to Compel (Doc. 60) is DENIED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE